The Court

overruled the motion for a nonsuit, and the plaintiff’s counsel then applied for leave to amend the narr by striking the name of the sub-tenant from the averment, which alleged the holding over after notice; but the Court declined to grant the leave, upon the.ground that the application was too late, after the Court had announced its opinion on a motion for a nonsuit.

*215
The Court,

Harrington, Ch. J.,

charged the jury: That if the person spoken of as the sub-tenant in this case came into possession of the premises with the knowledge and consent of the defendant, then she came in under him, and although a wife has no power, as such merely, to rent her husband’s property, if a person goes into possession by her permission, the husband being present and having knowledge of it, will be presumed to assent to it, and a person so entering will be considered as having come into possession under him. The defendant alone in this case had the power to prevent such occupancy, and if he permitted it, he assented to it; and if, three months before the expiration of the year 1851, written notice had been given by the defendant to the plaintiff of his intention to deliver up the premises to him at the end of it, and either the defendant, or the person coming into possession under him, held over and failed to deliver them up at that time, then the defendant would be liable to the plaintiff for double rent for the following year.